IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

MICAH ALAN STEFFLER                                                    PLAINTIFF

v.                                  Case No. 4:22-cv-4045

SHERIFF ROBERT GENTRY, Sevier County,
Arkansas; JAILER BLAKE REEL; JAILER
ANNA MEJIA; NURSE TAMMY FOWLER                          DEFENDANTS

## ORDER

Before the Court is Plaintiff's failure to comply with orders of the Court. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on May 27, 2022. ECF No. 1. Plaintiff submitted an incomplete *in forma pauperis* ("IFP") application with his Complaint. On May 27, 2022, the Court ordered Plaintiff to file a completed IFP application by June 17, 2022. ECF No. 3. The order informed Plaintiff that failure to comply would result in the case being dismissed without prejudice. Plaintiff did not respond and the order directing him to do so has not been returned as undeliverable.

On June 22, 2022, the Court entered an order directing Plaintiff to show cause by July 13, 2022, as to why he failed to comply with the Court's order directing him to file a completed IFP application. ECF No. 5. This order also informed Plaintiff that failure to comply would result in this case being dismissed. To date, Plaintiff has not responded to the show cause order and the order has not been returned to the Court as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk
> and the other parties to the proceedings of any change in his or her address, to

monitor the progress of the case, and to prosecute or defend the action diligently
. . . If any communication from the Court to a *pro se* plaintiff is not responded to
within thirty (30) days, the case may be dismissed without prejudice.  Any party
proceeding *pro se* shall be expected to be familiar with and follow the Federal
Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a

case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the

court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating the

district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b),

a district court has the power to dismiss an action based on "the plaintiff's failure to comply with

*any* court order."  *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey two orders of the Court.  Therefore, pursuant to Federal Rule of

Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed.

Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT**

**PREJUDICE.**

**IT IS SO ORDERED,** this 22nd day of July, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

2